IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MOHAMMAD ZAKI AMAWI,  )<br>No. 30547-160,                      )<br>                                              )<br>                    Plaintiff,        )<br>                                              )<br>vs.                                        )<br>                                              )<br>FEDERAL BUREAU OF PRISONS, )<br>J.S. WALTON,                        )<br>HENRY RIVAS,                      )<br>STEVEN CARDONA,             )<br>MILTON NEUMANN,            )<br>APRIL CRUITT,                     )<br>STEPHEN COLT,                   )<br>LESLIE SMITH,                     )<br>J. SIMMONS,                         )<br>T. CAPALDO, and                 )<br>D. SCHIAVONE,                    )<br>                                              )<br>                    Defendants.    ) | Civil Case No.: 13-cv-00536-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Mohammad Zaki Amawi is currently incarcerated in the Communications Management Unit ("CMU") within the United States Penitentiary at Marion, Illinois ("Marion"). Plaintiff has brought this *pro se* action pursuant to 28 U.S.C. § 1332 in an attempt to secure responses to approximately 50 unanswered requests made under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 *et seq*. He seeks from the Bureau of Prisons ("BOP") the production of documents and information regarding the creation and management of the CMU and the treatment of Muslim prisoners within the CMU. The named defendants are: the Federal Bureau of Prisons, the warden of Marion, J.S. Walton, and nine BOP employees who work within the CMU and the affiliated satellite Counterterrorism Unit ("CTU") in West Virginia.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.

FOIA serves the "basic purpose of ensuring an informed citizenry, vital to the functioning of a democratic society." *Bensman v. United States Forest Serv.,* 408 F.3d 945, 958 (7th Cir. 2005). Thus, FOIA requires federal agencies to make information available to the public when requested unless the information falls within one of nine exemptions. *See Enviro Tech Int'l, Inc. v. EPA,* 371 F.3d 370, 374 (7th Cir. 2004). FOIA gives federal courts jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld." *GTE Sylvania, Inc. v. Consumers Union of U .S., Inc.,* 445 U.S. 375, (1980) (citing 5 U.S.C. § 552(a)(4) (B)). In general, federal agencies are the only proper parties in FOIA litigation. *See* 5 U.S.C. § 552(a)(4)(B); *Batton v. Evers,* 598 F.3d 169, 173 n. 1 (5th Cir. 2010) ("A FOIA plaintiff may not assert a claim against an individual federal official; the proper defendant is the agency."); *Martinez v. Bureau of Prisons,* 444 F.3d 620, 624 (D.C.Cir. 2006) (FOIA concern the obligations of agencies as distinct from individual employees in those agencies); *Petrus v. Bowen,* 833 F.2d 581, 582 (5th Cir. 1987) ("Neither the Freedom of

Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency).

Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable FOIA action against the Federal Bureau of Prisons. However, Defendants, Walton, Rivas, Cardona, Neumann, Cruitt, Colt, Smith, Simmons, Capaldo and Schiavone are individual employees of the BOP. Therefore, Plaintiff has failed to state a FOIA claim upon which relief can be granted and those ten defendants shall be dismissed with prejudice.

**IT IS THEREFORE ORDERED** that Defendants **J.S. WALTON**, **HENRY RIVAS**, **STEVEN CARDONA**, **MILTON NEUMANN**, **APRIL CRUITT**, **STEPHEN COLT**, **LESLIE SMITH**, **J. SIMMONS**, **T. CAPALDO** and **D. SCHIAVONE** are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that this action shall proceed against the **FEDERAL BUREAU OF PRISONS**.

Pursuant to Federal Rules of Civil Procedure 4(i)(1) and (2), the Clerk of Court is **DIRECTED** to: (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order; and (3) send a copy of the summons, the complaint, and this Memorandum and Order by registered or certified mail to the Bureau of Prisons.

Plaintiff is **ORDERED** to serve upon Defendant and the United States Attorney for the Southern District of Illinois, and the Attorney General of the United States, <u>or</u>, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to each Defendant or its counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an answer or appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: July 10, 2013**

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge