IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MOHAMMAD ZAKI AMAWI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:13-cv-536-JPG-DGW |
| | ) | |
| FEDERAL BUREAU OF PRISONS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge J. Phil Gilbert pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Dismiss or for Summary Judgment filed by Defendant, Federal Bureau of Prisons, on August 9, 2014 (Doc. 16).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

FINDINGS OF FACT

Plaintiff filed a Complaint on June 10, 2013 (Doc. 1) alleging that he has been denied various documents that he requested through the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*.  Plaintiff, who currently is an inmate at the United States Penitentiary at Marion Illinois, requested information related to the Bureau of Prison's ("BOP") maintenance of "Communications Management Units" ("CMUs"), records regarding procedures related to congregational prayer (Plaintiff states he is a Sunni Muslim), various documents related to

Plaintiff himself (like his master file), and documents related to foreign language programs. (Doc. 1, pp.9-10).  Plaintiff alleges that he made up to 50 such requests and that they have neither been processed by the BOP nor has he been given responsive documents.

Defendant filed a Motion to Dismiss or for Summary Judgment and attached the Declaration of Kara Christenson, the Lead FOIA Paralegal for the North Central Regional Office (NCRO) of the BOP.  Defendant argues that Plaintiff only submitted three FOIA requests, that he has failed to exhaust administrative remedies with respect to two of the requests, and that the BOP provided an appropriate response to the third request.  On August 28, 2013, this Court notified Plaintiff that Defendant's motion would be treated as one for summary judgment and he was granted until September 12, 2013 to file a response (Doc. 17).  Plaintiff was warned of the hazards of failing to respond including that the failure to respond may be construed as an admission of the merits of the motion.  *See* Local Rule 7.1(c).  Plaintiff was granted three extensions of time to respond to the Motion, with a final deadline of February 14, 2014.  As of the date of this Report and Recommendation, no response has been filed.[1]

Accordingly, the evidence before the Court reveals that Plaintiff submitted only three FOIA requests (Kara Christenson Affidavit ¶ 12).  The first request was made on May 8, 2013 and Plaintiff requested a copy of his inmate file, including who he should be kept separate from, special housing reviews, and "separatee data," among other things.  (*Id.* at ¶ 13).  This FOIA request was submitted to the BOP and forwarded to the NCRO which assigned it a number, No. 2013-07451.  (*Id* at ¶¶ 13-14).  Plaintiff was sent a letter acknowledging the request and that the

---

[1] On October 1, 2013, Plaintiff filed a Motion for Leave to File an Amended Complaint (Doc. 20) along with a proposed pleading.  In denying, without prejudice, that Motion, this Court found that Plaintiff failed to comply with Local Rule 15.1.  This Court further observed that the proposed Amended Complaint appeared to respond to Defendant's Motion.  Nonetheless, Plaintiff was informed that because Defendant's Motion was construed as one for summary judgment, a proposed amended pleading would be an insufficient response.  (Doc. 22).

search for documents resulted in 2,750 pages of documents; given the amount of responsive pages, Plaintiff was informed by letter dated May 9, 2013 that cost of the documents would be $900.00 with an associated $265.00 copying fee.  (*Id.* at ¶¶ 15-16).  Plaintiff did not respond to this letter nor did he pursue any further action regarding this FOIA request.  (*Id.* at ¶¶ 17-18).

Plaintiff's second FOIA request also was received May 8, 2013 and was assigned the number 2013-07425.  (*Id.* at ¶ 19).  This request sought copies of Plaintiff's requests for administrative remedies.  (*Id.*).  An acknowledgement letter also was immediately sent to Plaintiff from the NCRO and, on July 24, 2013, Plaintiff was informed that the search resulted in 405 pages of responsive documents and that the cost to copy such documents was $30.50.  (*Id.* at ¶¶ 21-22).  Plaintiff also did not respond to this letter nor did he pursue and further action regarding this FOIA request.  (*Id.* at ¶¶ 23-24).

Plaintiff's third FOIA request also was received on May 8, 2013 and was assigned the number 2013-7453.  (*Id.* at ¶ 25).  This request sought Plaintiff's "entire S.I.S. file."  (*Id.*).  An acknowledgement letter was sent to Plaintiff and a search revealed 18 pages of responsive documents.  (*Id.* at ¶ 27).  Upon review of the documents, Ms. Christenson determined that 2 pages could be released to Plaintiff, 11 pages required redaction, and 5 pages would be withheld; she informed Plaintiff of these decisions, along with producing the relevant documents, in a letter dated August 1, 2013.  (*Id.* at ¶ 28).

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir.

2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex,* 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* The Seventh Circuit has stated that summary judgment is "the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

The Freedom of Information Act requires federal agencies to make available to the public a wide swath of records held by the government. 5 U.S.C. § 552(a); *Kimberlin v. Department of Treasury*, 774 F.2d 204, 206 (7th Cir. 1985). There are certain exemptions including records that are exempt from disclosure by statute, that contain trade secrets, that are related to law enforcement purposes, or disclosure of documents "which would constitute a clearly unwarranted invasion of personal privacy." *Id.* at § 552(b). The Act allows a person to make a request for records and requires the agency addressed to search for the records. *Id.* at § 552(a)(3). The Act allows for fees and costs of the search and production to be waived, reduced or recouped from the requesting party and provides for advance payment of fees if "the requester has previously failed to pay fees in a timely fashion, or the agency has determined that the fee will exceed $250.00. *Id.* at

§552(a)(4), (a)(4)(A)(v).  Regulations related to the payment of fees, however, states that if the fee will be in excess of $25.00, the agency will notify the requestor and "the request shall not be considered received and further work shall not be done on it until the requester agrees to pay the anticipated total fee."  28 C.F.R. § 16.11(e).

In this case, Plaintiff made three requests for records.  The requests were acknowledged by letter.  With two of the requests, 2013-7451 and 2013-7425, Plaintiff was informed of the fees associated with the searches and was instructed to either prepay the fee or indicate a willingness to pay.  (Def. Ex. D and G).  With respect to the third request, 2013-7453, responsive documents were tendered and the withholding of documents was explained.  (Def. Ex. J).  Plaintiff has presented no evidence or argument that he challenged the imposition or amount of the fees, that he prepaid the fee for request 20-13-7451 as required by statute, that he indicated a willingness to pay the fee associated with request 2013-7425 as required by regulations, or that he believes that response to request 2013-7453 was inadequate or that the withholding of information was inconsistent with FOIA exemptions.  Nor is there any evidence that Plaintiff attempted to exhaust any administrative remedies prior to filing suit.  *See Hidalgo v. F.B.I.*, 344 F.3d 1256, 1258-1259 (D.C.Cir. 2003).  Plaintiff has offered no evidence or argument that Defendant failed to comply with FOIA.

## RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Dismiss or for Summary Judgment (construed as a Motion for Summary Judgment) filed by Defendant, Federal Bureau of Prisons, on August 9, 2014 (Doc. 16) be **GRANTED**, that judgment be entered in favor of Defendant and against Plaintiff, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 3, 2014**

                                      **DONALD G. WILKERSON**
                                      **United States Magistrate Judge**