UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MOHAMMAD ZAKI AMAWI,

    Plaintiff,

  v.

FEDERAL BUREAU OF PRISONS, J.S. WALTON, HENRY RIVAS, STEVEN CARDONA, MILTON NEUMANN, APRIL CRUITT, STEPHEN COLT, LESLIE SMITH, J. SIMMONS, T. CAPALDO and D. SCHIAVONE,

    Defendants.

Case No. 13-cv-536-JPG-DGW

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Mohammad Zaki Amawi's motion for reconsideration (Doc. 31) of the Court's April 9, 2014, order (Doc. 29) granting the defendant BOP's unopposed motion to dismiss or, in the alternative for summary judgment (Doc. 16) and corresponding judgment of dismissal with prejudice (Doc. 30). The Court construes Amawi's motion for reconsideration as filed under Federal Rule of Civil Procedure 60(b) since it was filed – under the mailbox rule of *Houston v. Lack*, 487 U.S. 266, 276 (1988) – on May 9, 2014, 30 days after entry of judgment. *See Banks v. Chicago Bd. of Educ.*, 750 F.3d 663, 666 (7th Cir. 2014) (motions file more than 28 days after entry of judgment will be treated as Rule 60(b) motions).

In his motion, Amawi complains that prison officials, including some of the defendants, refused to give Amawi his legal materials on demand while he was in the administrative segregation in the special housing unit ("SHU") from December 2013 to April 24, 2014, so he did not know about the deadlines in this case. Thus, he claims he was unable to respond to the defendants' motion, the failure of which ultimately led to judgment in favor of the defendants.

This motion requests relief available under Rule 60(b)(1) for excusable neglect. Excusable neglect can include omissions through carelessness and mistake. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997) ("excusable neglect" in Rule 60(b) context) (citing *Matter of Bulic*, 997 F.2d 299, 302 (7th Cir. 1993) (bankruptcy context)); *see Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 388-89 (1993) (bankruptcy context). A court should determine whether neglect is excusable by weighing the equities, taking into account all of the relevant circumstances including the danger of prejudice to the opposing party, the length of and reason for the delay, the potential impact on judicial proceedings, and whether the negligent party acted in good faith. *Pioneer*, 507 U.S. at 395; *Matter of Bulic*, 997 F.2d at 302. The Court has discretion to determine whether neglect is excusable. *Robb*, 122 F.3d at 361.

Amawi's neglect in failing to respond to the defendants' motion was not excusable. The Court notes that the defendants filed their motion to dismiss or, in the alternative, for summary judgment (Doc. 16) on August 9, 2013. On August 28, 2013, the Court notified Amawi it would construe the motion as asking for summary judgment (Doc. 17), and the Court subsequently granted him three extensions of time to respond (Docs. 19, 22 & 25), warning him the final time that no further extensions would be granted. Amawi requested the first extension on September 13, 2013, because of the limitations placed on him because he was in the SHU (Doc. 18), the Court granted the second request *sua sponte*, and Amawi requested the third extension on December 18, 2013, because he was searching for an attorney (Doc. 24). After his first request, filed September 13, 2013, Amawi never again mentioned his presence in the SHU as delaying his response to the defendants' motion. In fact, he had sufficient access to his files in the two weeks following that request to draft an eight-page amended complaint addressing the facts asserted in the defendants'

motion.  By his current motion, Amawi is effectively asking for another extension.  However, while Amawi rests his current motion on his inability to access his legal papers, the documentation attached to his motion suggests there was a procedure for accessing his legal papers while in the SHU, that Amawi failed to follow that process, but that he nonetheless had some access to his legal papers.

The Court notes that Amawi failed to respond to the summary judgment motion within the generous deadline set by the Court; the final deadline was more than six months after the motion was filed.  In this time, he apparently had sufficient access to his legal papers to enable him to draft his detailed amended complaint; such assess should have been sufficient for him to respond to the defendants' motion with a *bona fide* response as well.  Furthermore, after his first motion for an extension of the response deadline, he did not notify the Court of the difficulties placement in the SHU created.  Additionally, it appears there was a procedure for accessing legal documents in the SHU, and that Amawi may not have followed that procedure, instead asking for his legal documents on his own terms.  This calls into question the good faith of his current motion.  The Court simply does not have the leisure to postpone consideration of motions – or reopen cases – where inmates fail to use the procedures designed to allow them to litigate in a timely manner and do not keep the Court apprized of the circumstances surrounding their inability to respond promptly.  In these circumstances, the equities to not favor a finding of excusable neglect.

For these reasons, the Court **DENIES** Amawi's motion for reconsideration (Doc. 31).

**IT IS SO ORDERED.**
**DATED:  June 24, 2014**

          s/ J. Phil Gilbert
          **J. PHIL GILBERT**
          **DISTRICT JUDGE**